| | |
|---|---|
| 1 | KEVIN V. RYAN (SBN 118321)<br>United States Attorney |
| 2 | JOANN M. SWANSON (SBN 88143)<br>Chief, Civil Division |
| 3 | ANDREW Y.S. CHENG (SBN 164613)<br>Assistant United States Attorney |
| 4 | |
| 5 | 450 Golden Gate Avenue,10th Floor<br>San Francisco, California 94102-3495<br>Telephone: (415) 436-6813 |
| 6 | Facsimile: (415) 436-6748<br>Email: andrew.cheng@usdoj.gov |
| 7 | |
| 8 | Attorneys for Federal Defendant |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | | |
|---|---|---|---|
| 11 | | | |
| 12 | JEANNIE SMITH, | ) | No. C 05-01683 JSW |
| | | ) | **E-Filing Case** |
| 13 | Plaintiff, | ) | |
| | | ) | **STIPULATION AND [PROPOSED]** |
| | v. | ) | **PROTECTIVE ORDER RE** |
| 14 | | ) | **CONFIDENTIALITY** |
| | DONALD RUMSFELD, Secretary, U.S. | ) | |
| 15 | Department of Defense, | ) | |
| | | ) | |
| 16 | Defendant. | ) | |
| | | ) | |
| 17 | _____ | ) | |

18  Subject to the approval of this Court, plaintiff JEANNIE SMITH and defendant

19 DONALD RUMSFELD, Secretary of Defense, by and through their undersigned counsel, hereby

20 stipulate to the following protective order:

21  The parties agree that entry of the following protective order is necessary in order to: (1)

22 facilitate discovery of information without document by document controversy concerning

23 confidentiality; (2) protect employees of the Department of Defense from undue annoyance,

24 embarrassment, oppression, burden and expense resulting from public disclosure or use for

25 purposes other than this litigation of confidential information that the parties will disclose in

26 discovery; and (3) avoid violation of the Privacy Act as codified at 5 U.S.C. §522a. The parties

27 therefore request that the Court enter the following protective order pursuant to Federal Rule of

28 Civil Procedure 26(c).

STIPULATION AND PROTECTIVE ORDER,
C 05-1683 JSW                          1

**STIPULATED ORDER**

All documents obtained from defendant in response to discovery requests made under the Federal Rules of Civil Procedure or made pursuant to any disclosure requirement, including initial disclosure requirements, that are contained within any EEO file, medical file, injury compensation file, or any personnel file of any person other than the plaintiff (the "Documents") shall be subject to the following restrictions:

1. The Documents and the information contained therein shall be used only for purposes of this litigation and not for any other purpose;

2. Neither the Documents nor the information contained therein shall be disclosed to anyone other than (a) the attorney employed by plaintiff and the attorney's staff; (b) the parties; (c) actual or potential third-party witnesses; (d) outside experts or consultants retained by any of the parties or their counsel for purposes of this litigation; (e) the Court in further proceedings herein; (f) stenographic deposition reporters; and (g) other persons whom the parties mutually agree upon in writing; *any Documents filed with the Court intended to remain under seal must be filed in compliance with Civil Local Rule 79-5;*

3. There shall be no reproduction of the Documents, except that, as required by the litigation, copies, excerpts, or summaries may be shown to those authorized in Paragraph 2;

4. Except as otherwise provided in Paragraphs 2 and 3, all of the Documents shall remain in the custody of the plaintiff's attorney of record during the pendency of the litigation;

5. Upon final determination of this litigation, including all appeals, all of the Documents, including copies, extracts or summaries thereof, produced by defendant that pertains to any person other than the plaintiff herein, shall be returned to defendant's counsel. Notwithstanding this paragraph, however, the plaintiff's attorneys may retain one copy of each pleading and other document filed with the Court that contains any of the Documents covered by this Order. Furthermore, nothing in this paragraph shall be construed to require plaintiff's attorney to turn over any attorney work-product; and

6. This Stipulation and Protective Order is without prejudice to the right of any party to seek modification of it from the Court. It shall remain in effect until such time as it is modified, amended or rescinded by the Court and shall survive termination of this action. The

STIPULATION AND PROTECTIVE ORDER,
C 05-1683 JSW        2

1  Court shall have continuing jurisdiction to modify, amend, or rescind this Stipulation and
2  Protective Order notwithstanding the termination of this action.
3
4  **IT IS SO STIPULATED.**
5
6                                               KEVIN V. RYAN
                                                United States Attorney
7
8  May 15, 2006                                 _____/s/_____
                                                ANDREW Y.S. CHENG
9                                               Assistant United States Attorney
                                                *Attorneys for Defendant*
10
11
12 May 15, 2006                                 _____/s/_____
                                                HOWARD MOORE, JR., ESQ.
13                                              *Attorneys for Plaintiff*
14
15
16 **APPROVED AND SO ORDERED**.
17
   DATED: May 19, 2006                          _____
18                                              JEFFREY S. WHITE
                                                United States District Judge
19
20
...
28

STIPULATION AND PROTECTIVE ORDER,
C 05-1683 JSW                         3